**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6123**

SONTAY TERRELL SMOTHERMAN,

Petitioner - Appellant,

v.

J. R. BELL, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge. (1:20-cv-00049-SAG)

Submitted: June 18, 2020                          Decided: June 23, 2020

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sontay Terrell Smotherman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sontay Terrell Smotherman, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2018) petition in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255 (2018). Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and find no reversible error. Accordingly, although we grant leave to proceed in forma pauperis, we affirm for the reasons stated by the district court.* *Smotherman v. Bell*, No. 1:20-cv-00049-SAG (D. Md. filed Jan. 14, 2020 & entered Jan. 15, 2020). We dispense with oral argument because the facts and legal contentions

---

* Although the district court applied the test for challenges to a petitioner's sentence set out in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), Smotherman's claims are more accurately challenging the legality of his conviction and are, therefore, more appropriately analyzed under *Jones*. In any event, Smotherman alleges no change in substantive law affecting the legality of his conviction or sentence, a requirement under both *Wheeler* and *Jones*.

are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*